CONTRERAS, RECURRENTE, *v.* EL REGISTRADOR DE HUMACAO, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Humacao, inscribiendo con defecto subsanable una escritura de partición de herencia.

No. 393.—Resuelto en marzo 21, 1919.

INSCRIPCIÓN—ADJUDICACIÓN DE LA NUDA PROPIEDAD—PARTICIÓN DE BIENES.—No constituye defecto subsanable el no consignarse expresamente en una escritura de partición de bienes hereditarios otorgada por la viuda y los hijos habidos en el matrimonio, a quien corresponde la nuda propiedad de la participación adjudicada a aquella en usufructo, ya que por ministerio de la ley dicha nuda propiedad corresponde a los expresados hijos.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Ramón P. Rodríguez.*

El registrador recurrido, Sr. R. López Antongiorgi, no compareció.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Siendo gananciales todos los bienes dejados por José Contreras Pavo a su fallecimiento, su viuda e hijos los dividieron por mitad. La mitad correspondiente al cónyuge muerto fué dividida a su vez en siete partes iguales de las que seis partes fueron adjudicadas a sus seis hijos, únicos herederos suyos, y la otra séptima parte a la viuda, en usufructo, y además la mitad correspondiente a sus gananciales en plena propiedad.

Como en la partición nada se dice con respecto a la nuda propiedad de lo adjudicado a la viuda en usufructo, al inscribir el Registrador de la Propiedad de Humacao esa partición consignó como defecto subsanable el de no decirse expresamente a quién corresponde la nuda propiedad de la parte adjudicada en usufructo a la viuda.

El presente recurso gubernativo se ha establecido para que declaremos que no existe tal defecto subsanable.

Entendemos que tiene razón el recurrente porque apareciendo de la partición que de la mitad correspondiente a los herederos del fallecido se adjudicó una séptima parte de la viuda solamente en usufructo, la nuda propiedad de esa parte correspondía claramente a dichos herederos aunque expresamente no se hiciera constar así en la partición y, por tanto, debemos declarar que no estuvo justificado el registrador al considerar tal hecho como defecto subsanable.

*Revocada la nota recurrida en cuanto al defecto subsanable apuntado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.